[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The plaintiff has filed a Motion to Reopen and Reargue the rulings of the court concerning pendente lite orders and set forth in the Memorandum of Decision (Doherty, J.) dated June 24, 1996, hereinafter referred to as the Memorandum.
The court granted the motion after hearing and permitted the plaintiff to reargue the issues which included alimony and support pendente lite, her request for financial assistance in maintaining an automobile while the case is pending, and payment of attorney's fee to the plaintiff.
Having heard the argument, and having taken into consideration the provisions of Connecticut General Statute Sections 46b-81, 46b-82, and 46b-84, as well as the applicable statutes and case law and also the Child Support Guidelines as set forth in Section 46b-215a-1, et seq., the court makes the following findings and conclusions.
As set forth in the Memorandum, the court found that the plaintiff has a net income of approximately $475 per week. That sum consists entirely of pendente lite alimony paid to her by the defendant pursuant to the Memorandum.
The parties have one minor child, Genee, who presently resides with the defendant-father.
The court ordered the plaintiff to pay to the defendant $35 per week as support for the benefit of the minor child. In her motion, the plaintiff argues that to do so, she will have to use CT Page 6063 part of the $475 per week which she receives as alimony; at least until she obtains other sources of income.
She maintains that such an order is error, but offers no case law or other authority for that claim except to make the claim that such an order is inconsistent with the "Income determination" provisions of the 1994 support guidelines.
The court is familiar with the Support Guidelines: (f) Income determination. (D) Alimony . . . p. viii:
 "Alimony as an item of gross income has been clarified to include only those payments being made by an individual who is not a party to the support determination. The purpose of this change is to ensure that alimony being paid by one parent to the other, within the context of a support determination, is not counted as income for both parents, thereby unduly inflating the income base for calculating child support." (Emp. added.)
Unlike Supplemental Security Income (SSI), for example, which has been "eliminated" as a gross income inclusion (Guidelines (f)(1)(C), p. viii), alimony has been "clarified" to be excluded from gross income determination to avoid both mother and father being penalized by counting twice the same funds exchanged between themselves, thereby inflating the income base.
There was no express indication by the legislature that money paid to a non-custodial parent as alimony for the payment of his or her expenses could not and should not be used, just as any wages earned from employment, as contribution for the support of his or her child.
A somewhat analogous situation arose in the case of Hall vs.Hall, 2 C.S.C.R. 422 (Norwich, 1987). In that case, a recipient of child support was paid $1800 which was subsequently found to have been inappropriately paid because the obligation to pay it had ended. The court ordered the suspension of alimony payments to that party in the amount of $1800 so as to offset the improperly received support, thereby recognizing alimony as funds which could be used to meet support payments, or, more specifically, support repayment.
Alimony is "income" in every sense, including for purposes of CT Page 6064 state and federal income taxation.
It is also important to note that the combined net weekly income of the parents in this case exceeds the 1994 guidelines and, therefore, the court is not bound by them in assessing orders of support.
By way of articulation, it was the intention of the court at the time it awarded the plaintiff the sum of $475 per week as alimony pendente lite, that a portion of that sum, specifically $35, would be used for her contribution to her daughter's support. Any diminution in the plaintiff's weekly support obligation would necessitate a reconsideration of an appropriate alimony obligation.
The court found that the plaintiff is well-educated and has a valid nursing license and, that notwithstanding, has no income whatsoever except for the alimony paid to her by the defendant. It is expected that the plaintiff will, without delay, make use of those skills and her earning capacity and will use that earned income to meet her support obligation.
The plaintiff also noted that the court failed to mention in its Memorandum the plaintiff's requests that the defendant be obligated to continue to pay the cost of the car lease for the vehicle presently driven by the plaintiff. In view of the weekly alimony award, it was anticipated that the plaintiff make her own arrangements for a leased automobile. The defendant is not ordered to continue to pay the plaintiff's auto lease.
Lastly, the plaintiff asked the court to respond to her request that the defendant contribute to the plaintiff's attorney's fees. That request is denied without prejudice for reconsideration at the time of the final judgment.
BY THE COURT
Joseph W. Doherty Judge